IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED OPTICAL TRACKING, LLC, | § § | Civil Case No. _____ |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| | § | |
| JVC AMERICAS CORPORATION, | § | |
| JVC ADVANCED MEDIA U.S.A. INC., | § | |
| JVC KENWOOD CORPORATION, | § | |
| VICTOR ADVANCED MEDIA CO. LTD., | § | |
| VICTOR COMPANY OF JAPAN, LIMITED, | § | |
| and TAIYO YUDEN CO. LTD, | § § | |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Advanced Optical Tracking, LLC, by way of its Complaint for Patent Infringement ("Complaint") against Defendants JVC Advanced Media U.S.A. Inc., JVC Americas Corporation, JVC Kenwood Corporation, Victor Advanced Media Co., Ltd., Victor Company of Japan, Limited, and Taiyo Yuden Co., LTD., alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.      Plaintiff Advanced Optical Tracking, LLC ("AOT") is a Delaware limited liability company with a place of business at 1220 N. Market Street, Suite 806, Wilmington, Delaware 19801.

3.      Upon information and belief, Defendant JVC Americas Corp. ("JVC Americas") is a corporation organized under the laws of Delaware with a principal place of business at 1700

1

Valley Road, Wayne, New Jersey 07470.  Upon information and belief, JVC Americas is a wholly owned subsidiary of Victor Japan.

4. Upon information and belief, Defendant JVC Kenwood Corporation is ("JVC Kenwood") is a corporation organized under the laws of Japan with a principal place of business at 3-12, Moriya-cho, Kanagawa-ku, Yokohama-shi, Kanagawa 221-0022, Japan.

5. Upon information and belief, Defendant JVC Advanced Media U.S.A. Inc. ("JVC Media") is a corporation organized under the laws of Illinois with a principal place of business at 10 North Martingale Road, Schaumburg, Illinois 60173.  On information and belief, JVC Media is a subsidiary of Victor Media.

6. Upon information and belief, Defendant Victor Company of Japan, LTD ("Victor Japan") is a corporation organized under the laws of Japan with a principal place of business at 12, Moriya-cho, 3-chome, Kanagawa-ku, Yokohama 221-8528, Japan.  On information and belief, Victor Japan is wholly owned a subsidiary of JVC Kenwood.

7. Upon information and belief, Defendant Victor Advanced Media Co., LTD ("Victor Media") is a corporation organized under the laws of Japan with a principal place of business at 6-13-16 Ginza Chuo-ku, Tokyo, 104-0061 Japan.  On information and belief, Victor Media is a joint venture company of Taiyo Yuden and Victor Japan.

8. Upon information and belief, Defendant Taiyo Yuden Co., LTD ("Taiyo Yuden") is a corporation organized under the laws of Japan with a principal place of business at 6-16-20, Ueno, Taito-ku, Tokyo 110-0005, Japan.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

11. On information and belief, Defendants JVC Americas, JVC Kenwood, JVC Media, Victor Japan, Victor Media and Taiyo Yuden, are subject to the jurisdiction of this Court by reason of their acts of patent infringement which have been committed in this Judicial District, and by virtue of their regularly conducted and systematic business contacts in this State. As such, Defendants JVC Americas, JVC Kenwood, JVC Media, Victor Japan, Victor Media and Taiyo Yuden have purposefully availed themselves of the privilege of conducting business within this Judicial District; have established sufficient minimum contacts with this Judicial District such that they should reasonably and fairly anticipate being haled into court in this Judicial District; have purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

## THE PATENT-IN-SUIT

12. On January 24, 2006, U.S. Patent No. 6,990,058 (the "'058 Patent"), entitled "Structure and Method for Storing Data on Optical Disks," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '058 Patent is attached as Exhibit A to this Complaint.

13. AOT is the assignee and owner of the right, title and interest in and to the '058 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,990,058

14. The allegations set forth in the foregoing paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

## **JVC AMERICAS**

15. In violation of 35 U.S.C. § 271, JVC Americas has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

16. AOT provided actual notice to JVC Americas of its infringement of the '058 Patent in a letter sent by international mail on September 19, 2012.

17. JVC Americas has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that JVC Americas received the September 19, 2012 letter.

18. Upon information and belief, JVC Americas has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, JVC Americas' suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent. In particular, JVC Americas' actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products. On information and belief, JVC Americas has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because JVC Americas has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying JVC Americas that the '058 Accused Products infringed the '058 Patent.

19. AOT has been harmed by JVC Americas' infringing activities.

20. AOT provided notice of infringement of the '058 Patent to JVC Americas, but JVC Americas thereafter continued to infringe the patent.  On information and belief, JVC Americas' infringement has been and continues to be willful.

## JVC MEDIA

21. In violation of 35 U.S.C. § 271, JVC Media has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

22. AOT provided actual notice to JVC Media of its infringement of the '058 Patent in a letter sent by international mail on September 19, 2012.

23. JVC Media has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that JVC Media received the September 19, 2012 letter.

24. Upon information and belief, JVC Media has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, JVC Media's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, JVC Media's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, JVC Media has engaged in such actions with specific intent to cause infringement or with willful

blindness to the resulting infringement because JVC Media has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying JVC Media that the '058 Accused Products infringed the '058 Patent.

25. AOT has been harmed by JVC Media's infringing activities.

26. AOT provided notice of infringement of the '058 Patent to JVC Media, but JVC Media thereafter continued to infringe the patent. On information and belief, JVC Media's infringement has been and continues to be willful.

### JVC KENWOOD

27. In violation of 35 U.S.C. § 271, JVC Kenwood has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

28. AOT provided actual notice to JVC Kenwood of its infringement of the '058 Patent in a letter sent by international mail on October 9, 2012.

29. JVC Kenwood has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that JVC Kenwood received the October 9, 2012 letter.

30. Upon information and belief, JVC Kenwood has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, JVC Kenwood's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement

of at least claim 1 of the '058 Patent. In particular, JVC Kenwood's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products. On information and belief, JVC Kenwood has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because JVC Kenwood has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying JVC Kenwood that the '058 Accused Products infringed the '058 Patent.

31. AOT has been harmed by JVC Kenwood's infringing activities.

32. AOT provided notice of infringement of the '058 Patent to JVC Kenwood, but JVC Kenwood thereafter continued to infringe the patent. On information and belief, JVC Kenwood's infringement has been and continues to be willful.

## **VICTOR JAPAN.**

33. In violation of 35 U.S.C. § 271, Victor Japan has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

34. AOT provided actual notice to Victor Japan of its infringement of the '058 Patent in a letter sent by certified mail on October 9, 2012.

35. Victor Japan has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Victor Japan received the October 9, 2012 letter.

36. Upon information and belief, Victor Japan has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other

things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Victor Japan's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent. In particular, Victor Japan's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products. On information and belief, Victor Japan has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Victor Japan has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Victor Japan that the '058 Accused Products infringed the '058 Patent.

37. AOT has been harmed by Victor Japan's infringing activities.

38. AOT provided notice of infringement of the '058 Patent to Victor Japan, but Victor Japan thereafter continued to infringe the patent. On information and belief, Victor Japan's infringement has been and continues to be willful.

### **VICTOR MEDIA**

39. In violation of 35 U.S.C. § 271, Victor Media has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

40. AOT provided actual notice to Victor Media of its infringement of the '058 Patent in a letter sent by international mail on October 9, 2012.

41.     Victor Media has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Victor Media received the October 9, 2012 letter.

42.     Upon information and belief, Victor Media has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Victor Media's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Victor Media's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Victor Media has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Victor Media has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Victor Media that the '058 Accused Products infringed the '058 Patent.

43.     AOT has been harmed by Victor Media's infringing activities.

44.     AOT provided notice of infringement of the '058 Patent to Victor Media, but Victor Media thereafter continued to infringe the patent.  On information and belief, Victor Media's infringement has been and continues to be willful.

## TAIYO YUDEN

45.     In violation of 35 U.S.C. § 271, Defendant Taiyo Yuden has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this

9

Judicial District, and importing into the United States, products that practice the subject matter claimed in one or more claims of the '058 Patent (the "'058 Accused Products"), including but not limited to claim 1, without the authority of AOT.  The '058 Accused Products include, without limitation, Blu-Ray Recordable (BD-R) and Blu-Ray Rewritable (BD-RE) discs, including but not limited to JVC Taiyo Yuden-branded BD-R discs and BD-RE discs.

46. AOT provided actual notice to Taiyo Yuden of its infringement of the '058 Patent in a letter sent by certified mail on September 19, 2012.

47. Taiyo Yuden has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Taiyo Yuden received the September 19, 2012 letter.

48. Upon information and belief, Taiyo Yuden has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Taiyo Yuden's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Taiyo Yuden's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Taiyo Yuden has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Taiyo Yuden has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Taiyo Yuden that the '058 Accused Products infringed the '058 Patent.

49. AOT has been harmed by Taiyo Yuden's infringing activities.

50. AOT provided notice of infringement of the '058 Patent to Taiyo Yuden, but Taiyo Yuden thereafter continued to infringe the patent. On information and belief, Taiyo Yuden's infringement has been and continues to be willful.

## JURY DEMAND

AOT demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** AOT prays for judgment as follows:

a. An adjudication that Defendants JVC Americas, JVC Kenwood, JVC Media, Victor Japan, Victor Media and Taiyo Yuden have infringed the '058 Patent;

b. An award of damages to be paid by JVC Americas, JVC Kenwood, JVC Media, Victor Japan, Victor Media and Taiyo Yuden adequate to compensate AOT for past infringement of the '058 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Defendants JVC Americas, JVC Kenwood, JVC Media, Victor Japan, Victor Media and Taiyo Yuden pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding AOT attorney fees under 35 U.S.C. §285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

Dated: December 11, 2012                    STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Advanced Optical Tracking, LLC*